# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT
_____

No. 97-3150WA
_____

| | | |
|---|---|---|
| Stephen Keith, As Parent and Next Friend of Ezekiel Keith, a Minor; Susan Keith, As Parent and Next Friend of Ezekiel Keith, a Minor, | * * * * * | |
| Appellants, | * * | |
| Ezekiel Keith, a Minor, | * * | |
| Plaintiff, | * * | |
| v. | * * | |
| Joe Mullins, As County Judge of Columbia County, Arkansas; Kelly J. Blair, As Justice of the Peace of the Columbia County Quorum Court; Richard P. Clark, As Justice of the Peace of the Columbia County Quorum Court; Marshall Ray Mooney, As Justice of the Peace of the Columbia County Quorum Court; Howard A. Gordon, As Justice of the Peace of the Columbia County Quorum Court; Bruce Maloch, As Justice of the Peace of the Columbia County Quorum Court; Jimmy Furr, As Justice of the Peace of the Columbia County Quorum Court; Cal D. Shepherd, As Justice of the Peace of the Columbia County Quorum Court; David Fielding, As | * * * * * * * * * * * * * * * * * * * * | On Appeal from the United States District Court for the Western District of Arkansas. |

Justice of the Peace of the Columbia     *
County Quorum Court; Allen R.     *
Pinney, As Justice of the Peace of the     *
Columbia County Quorum Court; Ken     *
Sibley, As Justice of the Peace of the     *
Columbia County Quorum Court;     *
Homer F. Greer, As Justice of the     *
Peace of the Columbia County Quorum     *
Court,     *
    *
        Appellees.     *

_____

Submitted:  September 25, 1998

Filed:  December 22, 1998

_____

Before RICHARD S. ARNOLD, BEAM, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Stephen and Susan Keith appeal the District Court's order granting defendants' motion to amend a mandatory injunction entered by the Court.  For the reasons discussed below, we reverse the judgment of the District Court and remand for an evidentiary hearing.

The Keiths' son, Ezekiel, uses a wheelchair.  In their January 1996 lawsuit, the Keiths contended that Columbia County, Arkansas, failed to make the entrance to the County Courthouse in Magnolia accessible to disabled individuals, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and Section 504 of the Rehabilitation Act of 1983, 29 U.S.C. §§ 701-796i.

In March 1997, the District Court granted summary judgment to the plaintiffs, and entered a mandatory injunction ordering the County to construct a ramp at the courthouse to make it wheelchair-accessible. The Court retained jurisdiction and directed the County to file a status report on its progress in achieving compliance with the ADA. In June 1997, the County filed a motion to amend the mandatory injunction. The Keiths opposed the motion and requested a hearing. In September 1997, without holding a hearing, the Court modified the mandatory injunction to give the County a choice between installing a wheelchair lift and constructing a ramp. The Keiths appeal, arguing that the March 1997 final judgment is the law of the case, because the County neither appealed it nor moved to modify it within ten days under Federal Rule of Civil Procedure 59(e), and that no showing was made sufficient to justify modifying the injunction.

We construe the County's motion to amend as a motion under Federal Rule of Civil Procedure 60(b)(5), which provides: "upon such terms as are just, the court may relieve a party . . . from a final judgment . . . [if] the judgment has been satisfied . . . or it is no longer equitable that the judgment should have prospective application." The District Court retains authority under Rule 60(b)(5) to modify an injunction when changed circumstances have caused it to be unjust. See Association for Retarded Citizens of North Dakota v. Sinner, 942 F.2d 1235, 1239 (8th Cir. 1991); cf. Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 383 (1992) (party seeking modification of consent decree in institutional-reform setting bears burden of establishing that significant change in circumstances warrants revision of decree). We review for abuse of discretion a District Court's ruling on a Rule 60(b)(5) motion. See Nyberg v. City of Virginia, 667 F.2d 754, 758 (8th Cir. 1982), appeal dismissed and cert. denied, 462 U.S. 1125 (1983).

We believe that the County's statements in its motion to amend, regarding the cost of a lift and its meeting the ADA's requirements, fell short of the required showing of changed circumstances. Cf. Agostini v. Felton, 117 S. Ct. 1997, 2006-07 (1997)

(rejecting movants' contention "that the exorbitant costs of complying with the District Court's injunction constitute a significant factual development warranting modification" because parties were aware of additional costs when district court imposed injunction). As the motion failed to allege a significant change in either the factual or the legal landscape warranting relief from the injunction, and as the District Court failed to make such findings, we conclude that modification of the injunction was not justified on the present record.

On remand, the County will be free to renew its motion. If it does so, it should allege factual or legal circumstances that make it unjust for the injunction ordering installation of a ramp to remain in effect. The Keiths argue in this Court that ramps are to be favored over lifts unless "site constraints" make ramps infeasible. See 28 C.F.R. Part 36, App. A, § 4.1.3(5), Exception 4(d)(1997). On the other hand, the applicable provision may be Section 4.1.6(3)(g)(1997), relating to modifications to the entrance to an existing building. See also 28 C.F.R. § 35.151(c)(1997). If either party shows the existence of a genuine issue of material fact relevant to the application of the proper regulation, the District Court should hold an evidentiary hearing.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-